**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LOIS MOORE,

        Plaintiff,

vs.

NATALIE TYRELL,

        Defendant.

Case No. 2:16–cv–112–APG–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. #1) AND COMPLAINT (DOC. #1-1).

    Before the court are Plaintiff Lois Moore's application to proceed *in forma pauperis* (Doc. #1) and complaint (Doc. #1-1). For the reasons stated below, Moore's *in form pauperis* is granted and he may proceed with this action. It is recommended that Moore's complaint be dismissed with leave to amend.

**I. Discussion**

    Moore's filings present two questions: (1) whether Moore may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Moore's complaint states a plausible claim for relief. Each is discussed below.

1. Moore May Proceed *In Forma Pauperis*

    Moore's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Moore submitted a financial affidavit. (Doc. #1). According to the affidavit, Moore's take-home wage is $733 per month and she has $620 in monthly expenses. Moore's application to proceed *in forma pauperis* is, therefore, granted.

2. <u>Moore's Complaint Fails to State a Claim for Which Relief May be Granted</u>

Because the court grants Moore's application to proceed *in forma pauperis*, it must review Moore's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Moore's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Moore seeks $10,000 "for illegal lock out and violation of her Constitutional Right to Appeal." (Doc. #1-1). Moore pleads legal conclusions that are insufficient to state a claim for relief. Moore needs to allege additional facts that support her claims for an illegal lock out and a violation of her constitutional rights. Additional facts could include the "who, what, when, where, and how" of the alleged illegal lock out and alleged violation of her constitutional right to appeal.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Lois Moore's application to proceed *in forma pauperis* (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint. (Doc. #1-1).

IT IS FURTHER ORDERED that the Plaintiff Lois Moore is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Moore's complaint (Doc. #1-1) be DISMISSED for failure to state a claim, with leave to amend.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991*); Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party of the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 25th day of January, 2016.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE